# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

Amanda Turner,

                 Plaintiff,

                           Case No. 4:20-cv-201-MLB

v.

Keith Flowers, et al.,

                 Defendants.

_____/

## **OPINION & ORDER**

Plaintiff Amanda Turner sued Defendants Keith Flowers, Floyd Medical Center, Tonya Johnson, and Kim Brandon, alleging claims under state tort law and 42 U.S.C. § 1983.  (Dkt. 1-3.)  Defendant Johnson moves to dismiss.  (Dkt. 12.)  The Court denies that motion.  Defendant Flowers moves for judgment on the pleadings.  (Dkt. 32.)  The Court grants that motion.

## I.    Background

On May 7, 2019, Plaintiff was driving north when a vehicle traveling south merged into the northbound lane heading directly towards Plaintiff's vehicle.  (Dkt. 1-3 ¶¶ 8–9.)  To avoid a head-on

collision, Plaintiff swerved off the road and struck a tree. (*Id.* ¶ 10.) An ambulance transported her to Defendant Floyd Medical Center. (*Id.* ¶ 12.) Defendant Flowers, a Georgia State Patrol Officer, entered Plaintiff's treatment room and immediately began accusing her of driving under the influence. (*Id.* ¶¶ 14–15.) He said he had investigated her accident with a drug dog and "the dog almost went crazy from the smell of drugs." (*Id.* ¶ 16.) He ordered Plaintiff out of her hospital bed and told her to walk in a straight line and stand on one foot. (*Id.* ¶¶ 18, 22.) Plaintiff, although in pain, believed she had to comply. (*Id.* ¶ 19.) "[E]ach time she tried to move[] pain went through her body," and she eventually told him that she could not do what he demanded. (*Id.* ¶¶ 21–22.) Defendant Flowers responded, "I knew you were drunk." (*Id.* ¶ 22.)

He left the room and returned with Defendant Johnson, a nurse, who began preparing to draw Plaintiff's blood. (*Id.* ¶¶ 23–24.) Plaintiff resisted and asked why Defendant Johnson was trying to take her blood. (*Id.* ¶ 26.) Defendant Johnson told her, "The officer needs a sample of your blood." (*Id.*) After Defendant Johnson drew Plaintiff's blood, Defendant Flowers told Plaintiff he was going to have it tested. (*Id.* ¶¶ 29–30.) He ordered her to turn herself into the Polk County jail as soon

2

as she was released from the hospital because "he knew that she was drunk." (*Id.*)  Defendants Flowers and Johnson left.  (*Id.* ¶ 30.)  Plaintiff immediately checked out of Defendant Floyd Medical Center and went to Piedmont Hospital, where she requested that her blood be tested for alcohol.  (*Id.* ¶ 32.)  Plaintiff received a document showing negative test results.  (*Id.* ¶ 33.)

At the time of the accident, Plaintiff was on probation in Polk County.  (*Id.* ¶ 34.)  Before surrendering to the Polk County jail as demanded by Defendant Flowers, Plaintiff met with her probation supervisor, Defendant Brandon,[1] to tell her about the accident and show her the negative test results from Piedmont Hospital.  (*Id.* ¶¶ 35–36.) Defendant Brandon made a copy of the test results and promised Plaintiff that, as a result of the negative test, she was not going to report her for a probation violation.  (*Id.* ¶¶ 36–37.)

Plaintiff surrendered to Polk County jail.  (*Id.* ¶ 38.)  Contrary to her prior statement, Defendant Brandon reported Plaintiff for violating probation, and Plaintiff was required to post a probation bond before

---

[1] The complaint refers to Plaintiff's probation supervisor as Defendant Kim Baker.  Plaintiff has since moved to correct the name to Defendant Kim Brandon (Dkt. 15), and the Court granted the motion.

being released. (*Id.* ¶¶ 41–43.) Plaintiff remained in jail for eleven days before posting that bond. (*Id.* ¶ 44.) Meanwhile, the crime lab tested the blood taken by Defendant Johnson and Defendant Flowers. (*Id.* ¶ 48.) It was negative for alcohol. (*Id.*) The Polk County District Attorney's Office dismissed all charges against Plaintiff. (*Id.* ¶ 49.)

On June 4, 2020, Plaintiff initiated this lawsuit in the Superior Court of Fulton County. (*Id.* at 43.) The complaint contains ten counts: (1) false arrest against Defendant Flowers; (2) illegal imprisonment against Defendants Flowers and Brandon; (3) malicious prosecution against Defendant Brandon; (4) abuse of process against Defendants Flowers and Brandon; (5) violations of her Due Process and Equal Protection rights under the Georgia Constitution against Defendants Flowers and Brandon; (6) assault and battery against Defendants Floyd Medical Center and Johnson; (7) violation of Plaintiff's patients' rights by Defendant Floyd Medical Center; (8) intentional and negligent infliction of emotional distress as to all Defendants; (9) defamation against Defendants Flowers and Brandon; and (10) punitive damages. (*Id.* at 13–29.) Defendant Flowers removed the case to federal court. (Dkt. 1.)

## II.   Defendant Johnson's Motion to Dismiss

### A.   Standard of Review

In ruling on a motion to dismiss, the Court must accept all well-pleaded facts as true and construe them in the light most favorable to the plaintiff. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). A complaint offering mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is insufficient to state a claim and should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive a motion to dismiss, a complaint thus must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### B.   Discussion

Defendant Johnson moves to dismiss under Federal Rule of Civil Procedure 12(b)(5), claiming insufficient service of process. (Dkt. 12 at 1.) She says Plaintiff attempted to serve her on July 7, 2020 by serving

Thomas Manning at 400 E. 2nd Avenue, Suite 103.  (*Id.* ¶ 4.)  Thomas Manning, however, is the registered agent for Defendant Floyd Medical Center (i.e., Defendant Johnson's employer).  (*Id.* ¶ 5.)  Service upon Thomas Manning, Defendant Johnson argues, is inadequate and ineffective under both the Georgia Civil Practice Act and the Federal Rules of Civil Procedure.  (*Id.* ¶ 6.)  Consequently, Defendant Johnson says, "Plaintiff has failed to effect service of process on [her] and therefore this Court lacks personal jurisdiction."  (Dkt. 12-1 at 6.)

Plaintiff, in contrast, argues dismissal is not warranted because "the motion is not ripe, the statute of limitations has not run on the matter, and Plaintiff is in the process of serving" Defendant Johnson personally.  (Dkt. 26 at 9.)

A plaintiff is responsible for serving a defendant with a summons and the complaint within the time allowed under Federal Rule of Civil Procedure 4(m).  Fed. R. Civ. P. 4(c)(1).  Rule 4(m) requires a plaintiff to properly serve the defendant within 90 days of the plaintiff filing the complaint.  Fed. R. Civ. P. 4(m).  Rule 4(e) sets forth the methods of serving an individual:

(1) following state law for serving a summons . . . or

(2) doing any of the following:
    (A) delivering a copy of the summons and of the complaint to the individually personally;
    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
    (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process.

Fed. R. Civ. P. 4(e). "The Georgia statute governing service of process on an individual defendant provides for service of process in the same manner as permitted under Federal Rule 4(e)." *Etris v. Snyder*, No. 2:10-cv-00113, 2012 WL 692811, at *3 n.3 (N.D. Ga. Mar. 1, 2012) (citing O.C.G.A. § 9-11-4(e)(7)). Here, Plaintiff attempted to serve Defendant Johnson by serving her employer's registered agent. "No provision is made for leaving a copy at the individual's usual place of business or with the individual's employer." *Melton v. Wiley*, 262 F. App'x 921, 923 (11th Cir. 2008). Plaintiff's attempt to effect service via her employer's registered agent was improper.

On September 15, 2020, however, the Floyd County Sheriff personally served Defendant Johnson.[2] (Dkts. 34 ¶ 6; 34-1.) This method

---

[2] This occurred after the parties briefed this motion.

of service was proper under Rule 4(e)(2)(A).  It was also timely.  Rule 4(m) requires service within 90 days of filing the complaint, but it is silent on when the 90 days begins to run where, as here, the case is removed to federal court.  Other courts in this district have held the time period for service of process under Rule 4(m) starts to run on the day a case is removed to federal court, not on the day the action was originally filed in state court.  *See Tatum v. Bank of Am., N.A.*, No. 1:15-cv-3076, 2016 WL 4445265, at *3 (N.D. Ga. May 18, 2016) ("When a case is removed . . . , the time limit of Rule 4(m) begins anew."); *Georgia ex rel. Saunders v. Mortg. Elec. Registration Sys., Inc.*, No. 1:10-cv-3419, 2011 WL 1335824, at *5 (N.D. Ga. Mar. 11, 2011), *adopted by* 2011 WL 1322616 (N.D. Ga. Apr. 6, 2011).  The Court applies that rule here.  With the filing of the notice of removal on July 24, 2020 as the starting point, the 90-day period to effect service expired on October 22, 2020.  *See* Fed. R. Civ. P. 6(a).  Accordingly, Defendant Johnson was properly and timely served on September 15, 2020.  The Court denies Defendant Johnson's motion to dismiss.

8

## III. Defendant Flowers' Motion for Judgment on the Pleadings

### A.   Standard of Review

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings" under Rule 12(c) of the Federal Rules of Civil Procedure.  "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc.*, 404 F.3d 1297, 1303 (11th Cir. 2005) (citing *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002)).  Thus, the standard of review for a motion for judgment on the pleadings is "almost identical to that used to decide motions to dismiss." *Doe v. Bd. of Cnty. Comm'rs*, 815 F. Supp. 1448, 1449 (S.D. Fla. 1992).

When considering a motion for judgment on the pleadings, the Court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff, the non-movant. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006).  But "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.  Nor must the court accept legal conclusions cast in the form of factual

9

allegations." *Long v. Fulton Cnty. Sch. Dist.*, 807 F. Supp. 2d 1274, 1282 (N.D. Ga. 2011).  A complaint will survive judgment on the pleadings if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## B.  Discussion

Plaintiff filed suit against Defendant Flowers in his individual and official capacities.  (Dkt. 1-3 ¶ 2.)  He moves for judgment on the pleadings based on lack of service, Eleventh Amendment immunity, failure to state a claim, qualified immunity, sovereign immunity, and the Georgia Tort Claims Act.  (Dkt. 32-1.)

As to his first basis, Defendant Flowers admits he received a copy of the summons and complaint on June 24, 2020 but argues it was not properly served.  (Dkts. 1 ¶ 5; 32-1 at 6.)  Plaintiff, in contrast, claims that service of process has been "achieved" but fails to provide any proof or relevant argument to support her assertion.[3]  (Dkt. 40 at 10–11.)

_____

[3] Plaintiff filed her response one day late due to her counsel accidentally calculating the deadline incorrectly, so she filed a Motion to File Outside of Time Response Brief to Flowers' Motion to Dismiss on Pleadings.  (Dkt. 40 at 25.)  Because the delay is short and had no apparent impact on the

According to Defendant Flowers, Plaintiff served his "employer, the Georgia Department of Public Safety, by leaving a copy of the complaint at its Bartow County Post." (Dkt. 32-1 at 6.)  This attempt to serve Defendant Flowers was improper for both his individual capacity and official capacity.   Regarding the individual capacity claims, "[n]o provision is made for leaving a copy [of the complaint] at the individual's usual place of business or with the individual's employer." *Melton*, 262 F. App'x at 923.   And lawsuits against a state official in his official capacity are suits against the state.  *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990).   Under Rule 4, a state must be served by either "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law."[4]  Fed. R. Civ. P. 4(j)(2).  Plaintiff did neither.

---

proceedings, the Court exercises its discretion to consider her response. The Court notes, however, that its ruling on Defendant Flowers' motion would not change even if the Court declined to consider the response.

[4] Under Georgia law, to perfect service on the state, a plaintiff must serve both "the chief executive officer of the state government entity involved at his or her usual office address" and "the director of the Risk Management Division of the Department of Administrative Services at his or her usual office address." O.C.G.A. § 50-21-35.  The plaintiff must also mail a copy of the complaint to the Attorney General at his or her usual office address.  *Id.*

Plaintiff has made no further attempts to properly serve Defendant Flowers, and the 90-day period expired on October 22, 2020. When a plaintiff fails to properly serve a defendant within the 90-day period,

> the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Good cause exists only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Idumwonyi v. Convergys*, 611 F. App'x 667, 667 (11th Cir. 2015) (per curiam) (citing *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)). The plaintiff bears the burden of proving valid service or good cause for failure to effect timely service. *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1297 (N.D. Ga. 2009).

Plaintiff did not properly serve Defendant Flowers as required by Rule 4. She also knew Defendant Flowers was contesting service as early as July 24, 2020 when he pled the affirmative defense in his answer. (Dkt. 2 at 2.) Despite that notice, Plaintiff did nothing to remedy her faulty service. She has neither provided any justification for failing to

12

serve Defendant Flowers properly nor requested additional time to perfect service.   Indeed, Plaintiff has not even filed proof of service.[5] Given all of this, the Court concludes Plaintiff has utterly failed to make any showing of good cause for her failure to properly and timely serve Defendant Flowers.  *See Reeves v. Wilbanks*, 542 F. App'x 742, 747 (11th Cir. 2013) (per curiam) (holding that dismissal for failure to timely serve was proper where the plaintiff was placed on notice that service was not proper but failed to attempt to perfect service or seek an extension of time to effectuate service).

Absent a showing of good cause, a district court has the discretion to extend the time for service of process.  *See* Fed. R. Civ. P. 4(m); *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005). In the exercise of that discretion, district courts must consider whether any factors, such as the running of a statute of limitations, would warrant a permissive extension of time.  *Lepone-Dempsey*, 476 F.3d at 1282. "Only after considering whether any such factors exist may the district

---

[5] Defendant Flowers argues "Plaintiff has failed to file proof of service with the Court" as required by Federal Rule of Civil Procedure 4(*l*)(1). (Dkt. 32-1 at 8.)  The Court agrees.  "Unless service is waived, proof of service must be made to the court."  Fed. R. Civ. P. 4(*l*)(1).  To date, Plaintiff has not filed any proof of service regarding Defendant Flowers.

court exercise its discretion and either dismiss the case without prejudice or direct the service be effected within a specified time." *Id.* Here, as Plaintiff notes, the statute of limitations has not expired for most of Plaintiff's claims. (Dkt. 40 at 11.) Plaintiff is suing Defendant Flowers for false arrest, illegal imprisonment, abuse of process, various constitutional violations under the Georgia Constitution, intentional infliction of emotional distress, negligent infliction of emotional distress, defamation, and punitive damages. (Dkt. 1-3.) These claims, except defamation, are subject to Georgia's two-year statute of limitations. *See* O.C.G.A. § 9-3-33; *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008); *Gordon v. West*, 59 S.E. 232, 232–33 (Ga. 1907).[6] The limitations period runs from the accrual of the right of action. *Thompson v. Corr. Corp. of Am.*, 485 F. App'x 345, 347 (11th Cir. 2012) (applying Georgia law). Plaintiff's automobile accident, visit to Defendant Floyd Medical Center, and eleven-day stay in the Polk County jail, which together form the basis of Plaintiff's lawsuit against Defendant Flowers, occurred in May 2019. The limitations period for the defamation claim thus expired in May

---

[6] Defamation has a one-year statute of limitation in Georgia. *See* O.C.G.A. § 9-3-33.

2020.[7]  But the limitations period for the other claims will not run until May 2021, meaning dismissal without prejudice would not effectively bar Plaintiff from refiling the action.

The Court also finds Plaintiff has failed to exercise diligence in perfecting service on Defendant Flowers. *See, e.g.*, *Harper v. M/V OURO DO BRASIL*, No. 8:12-cv-1976, 2013 WL 12388568 (M.D. Fla. July 10, 2013) (finding that the plaintiff's failure to serve the defendant was caused by her persistent lack of diligence and multiple errors).  As already stated, Plaintiff has not shown any effort to comply with the requirements of Rule 4 regarding Defendant Flowers, has made no attempt to justify her inability to comply, and has not requested, even once, that this Court grant an extension of time to effectuate service, either with or without good cause shown.  These circumstances do not warrant the Court exercising its discretion to extend the time to effect service.  Without proper service, this Court lacks jurisdiction over Defendant Flowers.  *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a

---

[7] The expiration of the statute of limitations does not *require* a district court to extend time for service of process under Rule 4(m).  *Lepone-Dempsey*, 476 F.3d at 1282.

court lacks jurisdiction over the person of a defendant when that defendant has not been served.").  The Court grants Defendant Flowers' motion for judgment on the pleadings.[8]

## IV.  Conclusion

The Court **DENIES** Defendant Johnson's Motion to Dismiss (Dkt. 12) and **GRANTS** Defendant Flowers' Motion for Judgment on the Pleadings (Dkt. 32).  The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint against Defendant Flowers for insufficient service.

**SO ORDERED** this 22nd day of January, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

[8] Having found this Court lacks jurisdiction over Defendant Flowers, the Court declines to address the rest of his arguments.